IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARRETT R., | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-829-D-BK |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
|    DEFENDANT. | § | |

**FINDINGS, RECOMMENDATIONS, AND CONCLUSIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the parties' cross-motions for summary judgment are now before the Court. For the reasons detailed here, Plaintiff's motion for summary judgment, Doc. 14, should be **GRANTED IN PART**, Defendant's motion for summary judgement, Doc. 19, should be **DENIED IN PART**, the decision of the Commissioner should be **REVERSED,** and this case should be **REMANDED** for further administrative proceedings.

**I. BACKGROUND**

 *A. Procedural History*

Plaintiff seeks judicial review of a final decision by the Commissioner denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). Plaintiff filed his application on November 27, 2019, alleging he suffers from diabetes, depression, insomnia, gastroparesis, and a bulging disc, and is thus disabled. Doc. 11-1 at 35, 105-106. He initially alleged a disability beginning January 1, 2016, but later amended his onset date to January 1, 2019. Doc. 11 at 35, 105, 249. Plaintiff's

application was denied at all administrative levels, and he now appeals to this Court pursuant to 42 U.S.C. § 405(g).

### B.  Factual Background

Plaintiff was 28 years old on his amended onset date of January 1, 2019. Doc. 11-1 at 48. He has a high school education and past relevant work as a lube servicer and receiving clerk. Doc. 11-1 at 48.  In terms of his relevant medical history, Plaintiff was treated on an ongoing basis for Type 1 diabetes, lumbar degenerative disc disease that necessitated lumbar surgery in 2015, chronic pain, depression, anxiety, and polysubstance abuse. Doc. 11-1 at 952-959; 965-967; 1172-1174; 1177-1180; 1181-1185.  For purposes of his DIB application, Plaintiff's date last insured ("DLI") was September 30, 2019.

### C.  The ALJ's Findings

On October 14, 2021, the ALJ conducted a hearing during which Plaintiff and a vocational expert testified.  On October 29, 2021, the ALJ issued his decision denying Plaintiff's DIB and SSI applications.  He found that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of January 1, 2019. Doc. 11-1 at 37.  Next, the ALJ found that Plaintiff has the severe impairments of diabetes, lumbar degenerative disc disease, major depressive disorder, anxiety, and polysubstance abuse. Doc. 11-1 at 37.  The ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled a listing for presumptive disability under the Code of Federal Regulations. Doc. 11-1 at 38.  The ALJ next found that Plaintiff has the residual functional capacity ("RFC") "to perform light work as defined in 20 C.F.R. [§§] 404.1567(b) and 416.967(b)[,] except standing and walking are limited to 4 hours out of an 8-hour workday." Doc. 11-1 at 40.  The ALJ also found that Plaintiff could occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but

2

could not climb ladders, ropes, or scaffolds; he must avoid all exposure to hazards, including no operation of moving machinery and unprotected heights; and he could not perform commercial driving. Doc. 11-1 at 40. From a mental standpoint, the ALJ found that Plaintiff could perform simple, routine, and repetitive tasks and engage in superficial interaction with coworkers and the public. Doc. 11-1 at 40. Next, relying on the testimony of the vocational expert, the ALJ found that although Plaintiff was unable to perform any past relevant work, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the jobs of addresser and assembler. Doc. 11-1 at 49-50. The ALJ thus concluded that Plaintiff was not disabled. Doc. 11-1 at 50. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on February 17, 2022. Doc. 11-1 at 23. Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). Doc. 11-1 at 29.

## II. APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing her past work, a finding of "not disabled" must be made; and (5) if an individual's impairment precludes him from performing her past work, other factors including age, education, past work experience, and RFC must be considered to determine if any

3

other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* If the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Grid Rules, vocational expert testimony, or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

In considering the parties' summary judgment arguments, the Court has relied upon their assessment of and citation to the evidence of record. The Court is not under any obligation to probe the record to find supporting evidence for one side or the other. *See* FED. R. CIV. P. 56 (the movant and opponent of a motion for summary judgment must support their positions by "citing

4

to particular parts of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment") (quotation omitted).

### III. ARGUMENT AND ANALYSIS

Plaintiff challenges the Commissioner's decision on the grounds that the ALJ's RFC assessment is not supported by any medical opinion of record and, therefore, is not supported by substantial evidence. Doc. 15 at 10-15 (citing *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995)). He contends that the ALJ rejected the medical opinions rendered by the State Agency Medical Consultants ("SAMCs") and one of Plaintiff's physicians, Dr. Fay Simon, and relied on his own unsupported opinion and interpretation of the raw medical data to assess Plaintiff's RFC.

The Commissioner responds that Plaintiff's argument ignores the legal requirement that the RFC determination is the ALJ's responsibility. Doc. 21 at 24-25. Moreover, the Commissioner maintains that "substantial evidence—in the form of diagnostic imaging studies, objective examination findings from treating and consulting physicians, prior administrative medical findings, and Plaintiff's admitted daily activities and functional abilities—supports the ALJ's RFC finding." Doc. 21 at 34. In reply, Plaintiff points to "factually inaccurate" and "mistaken" assertions in the Commissioner's brief, including the Commissioner's assertion that the ALJ relied on the prior administrative medical findings of the SAMCs in assessing his RFC. Doc. 23 at 8.

The RFC is an assessment, based upon all relevant evidence, of a claimant's ability to work, despite his impairments. 20 C.F.R. § 404.1545(a). Stated differently, it is the most a claimant can do, notwithstanding his physical and mental limitations. *Id.* When making the assessment, the ALJ should consider medical assessments, descriptions by physicians,

5

descriptions by the claimant, and any other evidence that shows any limitations on the claimant's ability to work. *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988). The RFC determination falls solely to the ALJ, who is responsible for resolving any conflicts in the evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam).

In *Ripley*, the ALJ ruled that a claimant could perform sedentary work even though there was no medical evidence or testimony supporting that conclusion. *Ripley*, 67 F.3d at 557. The appellate court noted that while the claimant's record contained a vast amount of evidence establishing he had a back problem, it did not clearly establish what effect the condition had on his ability to work. *Id.* Thus, the court remanded the case with instructions for the ALJ to obtain a report from a treating physician regarding the effects of the claimant's back condition on his ability to work. *Id.* at 557-58. The *Ripley* panel explained that "[t]he absence of such a statement . . . does not, in itself, make the record incomplete." *Id.* at 557. The panel held that reversal in such cases is only appropriate if the claimant shows that he was prejudiced. *Id.*

Here, the Court first addresses the reports of the SAMCs. At the initial level in November 2020, Jeanine Kwum, M.D., found Plaintiff's physical impairments non-severe because there was "[insufficient evidence] prior to DLI in the past, non-severe." Doc. 11-1 at 99. Don Johnson, Ph.D., the state agency psychologist, determined Plaintiff's mental health disorder was "non-severe" and imposed no limitations on understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting and managing oneself, because there was "[insufficient evidence] prior to DLI in the past, non-severe." Doc. 11-1 at 100-101. At the reconsideration level in January 2021, George Carrion, M.D., concurred with Dr. Kwum that there was "[insufficient evidence] prior to DLI in the past." Doc. 11-1 at 130. Michael Dennis, Ph.D. concurred with Dr. Johnson, noting there was

6

"insuff[icient] [evidence] to assess at DLI." Doc. 11-1 at 131. The state agency decisions noted "[t]he evidence as a whole, both medical and non-medical, is not sufficient to support a decision on the claim." Doc. 11-1 at 97, 111, 128, 142. No SAMC rendered an RFC. Doc. 11-1 at 102, 117, 133, 147 (noting "no RFC/MRFC assessments are associated with this claim.").

As to the SAMCs' respective reports, the ALJ determined "[t]he Disability Determination Service (DDS) opinions . . . are not persuasive." Doc. 11-1 at 47. The ALJ found these opinions were "not supported by the objective evidence, such as [Plaintiff's] lumbar spine MRI and mental status examination, which noted anxious mood." Doc. 11-1 at 47. The ALJ noted "the opinions . . . are not consistent with the objective evidence of record, which supports my residual functional capacity." Doc. 11-1 at 47.

The only remaining medical opinion that addressed the effects of Plaintiff's impairments on his ability to work was that of Dr. Simon. Doc. 11-1 at 1245-47. Dr. Simon opined that Plaintiff could sit for three hours in an eight-hour day, stand/walk one hour in an eight-hour day, and occasionally lift ten pounds. Doc. 11-1 at 1245. Dr. Simon further opined that Plaintiff was limited to occasional grasping bilaterally, seldom fine manipulation bilaterally, seldom reaching with the right, and occasional reaching with the left upper extremity. Dr. Simon opined that Plaintiff would need a "20-30 minute[s]" break "every 45 min[utes] – 1 hour." Doc. 11-1 at 1246. Dr. Simon also opined that Plaintiff would be absent "[m]ore than three times a month." Doc. 11-1 at 1247. Dr. Simon noted the "earliest date" for these limitations was 2014. Doc. 11-1 at 1247.

The ALJ found "[t]he opinion of Fay Simon, M.D., . . . is not persuasive." Doc. 11-1 at 47. The ALJ noted Dr. Simon's "opinion lacks an explanation to support the extreme limitations that were opined" and "is not supported by her own examinations." Doc. 11-1 at 47.

7

After rejecting all the medical opinions in assessing Plaintiff's RFC, the ALJ found "that the evidence of the claimant's daily activities along with the objective medical evidence discussed above establishes the claimant has a greater sustained capacity than he alleges." Doc. 11-1 at 48. The ALJ concluded "[t]he claimant's testimony in conjunction with the longitudinal medical findings, such as the claimant's mental status and physical examinations, support my findings." Doc. 11-1 at 48.

Having rejected Dr. Simon's medical opinion and the SAMCs' reports, the Court agrees with Plaintiff that the ALJ relied on his own interpretation of raw medical data to assess Plaintiff's RFC, including that Plaintiff had the RFC "to perform light work as defined in 20 C.F.R. [§§] 404.1567(b) and 416.967(b)[,] except standing and walking are limited to 4 hours out of an 8-hour workday." Doc. 11-1 at 40. The problem with the ALJ's RFC finding is, as Plaintiff argues, that the ALJ rejected the only medical opinion addressing or touching on Plaintiff's conditions' effects on his ability to work and instead relied on progress notes and the longitudinal record, which in themselves do not address Plaintiff's work limitations. And, while the ALJ considered evidence of Plaintiff's daily activities, it is difficult to decipher the connection between these activities and the ALJ's determination about the effect of Plaintiff's impairments on his ability to hold down a full-time job. In sum, the ALJ improperly made an RFC finding with no supporting medical opinion that purports to address the effects of Plaintiff's impairments on his ability to perform work-related tasks. *See Ripley*, 67 F.3d at 557 n.27 ("Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's condition, no matter how 'small,' on his ability to perform sedentary work.").

Judges of this court have consistently found that an ALJ contravenes *Ripley* under the circumstances presented here. *See Raper v. Colvin*, 262 F. Supp. 3d 415, 422-23 (N.D. Tex. 2017) (Godbey, J.) (collecting cases holding that an ALJ is not permitted to reject all relevant medical opinions and then independently assess a claimant's RFC without medical evidence addressing the effects of the claimant's impairments on the claimant's ability to work); *see also Oderbert v. Barnhart*, 413 F. Supp. 2d 800, 803 (E.D. Tex. 2006) ("*Ripley* clarifies that an [ALJ] cannot determine from raw medical data effects of impairments on claimants' ability to work."); *Tyria R. v. Saul*, No. 3:19-CV-0109-S-BH, 2020 WL 10050779, at *11 (N.D. Tex. March 6, 2020) (Ramirez, J.) (finding the ALJ's mental RFC was not supported by substantial evidence where the ALJ made an RFC determination without medical evidence addressing the effects of Plaintiff's impairment on her ability to work), *adopted by* 2020 WL 1434516 (Mar. 20, 2020).

In support of her argument that substantial evidence supports the ALJ's RFC under the facts of this case, the Commissioner relies on a smattering of cases, including that of the Court of Appeals for the Fifth Circuit. *See* Doc. 21 at 26, 33 (citing *Webster v. Kijakazi*, 19 F.4th 715 (5th Cir. 2021)). In *Webster*, a case in which the court found substantial evidence to support the ALJ's RFC, the appellate court noted that the ALJ found the state agency's medical consultants' assessments "persuasive" because they were "supported by the evidence and consistent with Webster's other records," and "the ALJ incorporated these findings into Webster's RFC." *Webster*, 19 F.4th at 718-19. Here, by contrast, the ALJ rejected the SAMCs' reports and the opinion of Dr. Simon. Thus, the Commissioner's reliance on *Webster* to support her argument is misplaced.

The Commissioner also points to decisions of this Court to support her argument that substantial evidence supports the ALJ's RFC. *See, e.g.,* Doc. 21 at 26, 33 (citing *Steven K. v.*

9

*Kijakazi*, No. 3:20-CV-01655-G-BT, 2022 WL 1056920, at *12 (N.D. Tex. Jan. 19, 2022) (Rutherford, J.)), *adopted by* 3:20-CV-1655-G-BT (N.D. Tex. Feb. 9, 2022), Doc. 21 (sealed). In *Steven K.*, the Court concluded that substantial evidence supported the ALJ's RFC finding and subsequent determination that claimant was not disabled, and rejected the claimant's *Ripley* challenge. Unlike here, where the ALJ rejected the SAMCs' reports and Dr. Simon's opinion, the ALJ in *Steven K.* partially relied on expert medical opinions to determine the impairment's effects on the claimant's ability to work, and not solely on her own evaluation of the medical record. *See Steven K.*, 2022 WL 1056920, at *12 (noting that the ALJ "determined the state-agency physician's medical-opinion evidence was 'partially persuasive'"). Thus, *Steven K.* also does not support the Commissioner's position.

The Commissioner's reliance on a decision of the undersigned to support her argument is likewise misplaced. *See* Doc. 21 at 33 (citing *Gina R. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-CV-2038-BK, 2021 WL 1209198, at *4 (N.D. Tex. Mar. 30, 2021) (Toliver, J.)). In *Gina R.*, the Court rejected a claimant's *Ripley* challenge and concluded that substantial evidence supported the ALJ's RFC assessment and subsequent finding that the claimant was not disabled. *Gina R.*, 2021 WL 1209198, at *4. The Court noted that, contrary to the claimant's argument, the ALJ did not discount the opinion of the consultative examiner, and the ALJ considered the findings of the state agency doctors in reaching her RFC findings. *Id.* Again, in the case sub judice, the ALJ discounted Dr. Simon's opinion and the reports of the SAMCs. *Gina R.* is, therefore, distinguishable.

Finally, the Commissioner argues that "the ALJ . . . properly found that the record as a whole required a more restrictive RFC even though he found a SAMC opinion that opined less

10

restrictions was persuasive." Doc. 21 at 34. The Commissioner's statement is erroneous. As previously noted, the ALJ found the SAMCs' reports "not persuasive." Doc. 11-1 at 47.

This Court "is not able to agree that the evidence substantially supports the ALJ's conclusion that [Plaintiff] was not disabled, because there is no medical opinion supporting the ALJ's finding that [Plaintiff] has the RFC" to perform work at the physical level the ALJ defined. *Fitzpatrick v. Colvin*, No. 3:15-CV-3202-D, 2016 WL 1258477, at *8 (N.D. Tex. March 31, 2016) (Fitzwater, J). The ALJ cites to no opinion by a treating or examining medical source that makes any mention of the *effect* of Plaintiff's impairments on his ability to work. And, the SAMCs made no RFC findings on which the ALJ could have relied. Doc. 11-1 at 102, 117, 133, 147 (noting "no RFC/MRFC assessments are associated with this claim."). In fact, the state agency decisions noted "[t]he evidence as a whole, both medical and non-medical, is not sufficient to support a decision on the claim." Doc. 11-1 at 97, 111, 128, 142.

Consequently, the Court concludes that substantial evidence does not support the ALJ's RFC finding with respect to the effects of Plaintiff's impairments on his ability to work. *See Williams v. Astrue*, 355 F. App'x 828, 831-32 (5th Cir. 2009) (reversing and remanding where the ALJ rejected the opinions of the claimant's treating physicians and relied on his own medical opinions as to the limitations presented by the claimant's back problems in determining RFC).

Because "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party have been affected," Plaintiff must show he was prejudiced by the ALJ's failure to rely on medical opinion evidence in assessing his RFC. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam). To establish prejudice, he must show that the ALJ's failure to rely on a medical opinion as to the effects that his impairments had on his ability to work casts doubt on the existence of substantial

11

evidence supporting his disability determination.  See *McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 837 (N.D. Tex. 2008) ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision.") (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

Here, the ALJ's failure to rely on a medical opinion in determining Plaintiff's RFC casts doubt as to whether substantial evidence exists to support the finding that he is not disabled.  See *Tyria R.*, 2020 WL 10050779, at *13 (finding prejudice and remanding for further proceedings for lack of substantial evidence because of the ALJ's failure to rely on a medical opinion in determining the plaintiff's RFC); *Thornhill v. Colvin*, No. 3:14-CV-335-M-BN, 2015 WL 232844, at *11 (N.D. Tex. Dec. 15, 2014), *adopted by* 2015 WL 232844 (N.D. Tex. Jan. 16, 2015) (finding prejudice and remanding "where the ALJ could have obtained evidence that might have changed the result—specifically, a medical source statement").  Had the ALJ obtained an updated medical opinion, his determination of Plaintiff's RFC could, conceivably, have included greater limitations. This, in turn, could have altered the ALJ's findings at step five, at which the Commissioner bears the burden to identify gainful employment available in the national economy that Plaintiff can perform, and at which the ALJ determined Plaintiff was not disabled.  Accordingly, the error is not harmless, and remand is required on this issue.[1]

---

[1] Because remand is required on this issue, the Court does not reach Plaintiff's remaining claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment, Doc. 14, should be **GRANTED IN PART**, Defendant's motion for summary judgement, Doc. 19, should be **DENIED IN PART**, the decision of the Commissioner should be **REVERSED,** and this case should be **REMANDED** for further administrative proceedings.

**SO RECOMMENDED** on July 20, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).